## MARY MEDIROS *vs.* ROLAND E. ARTER.

### JUNE 26, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Trover and Conversion.  Demand.*

If defendant rightfully took possession of plaintiff's property under a lease signed by plaintiff's brother with plaintiff's authority, plaintiff could not recover in trover and the question of whether a demand was made before action is immaterial and if the taking by defendant was entirely wrongful, no demand was necessary before commencing action.

*(2)  Trover and Conversion.  Damages.  Liens.*

Upon the issue whether defendant made repairs upon plaintiff's automobile upon credit or whether there was a valid arrangement giving defendant security for his charges by means of a so-called lease either in substitution for a lien or in addition to a lien; unless the jury should find that defendant had a lien or some other interest in the car, his charges for repairs could not be considered and made a basis for mitigation of damages in an action by plaintiff for conversion.

TROVER. Heard on exceptions of defendant. Exception to decision denying motion for new trial granted conditionally.

SWEETLAND, C. J. This is an action of trespass on the case in trover to recover damages for the alleged conversion by the defendant of an automobile belonging to the plaintiff. The case was tried before a justice of the Superior Court sitting with a jury and resulted in a verdict for the plaintiff for $1,656.15. The defendant duly filed a motion for new trial which was denied by the justice. The case is before us upon the defendant's exception to the decision upon the motion for a new trial and upon exceptions to the refusal of the justice to instruct the jury as requested by the defendant in his second, third and fifth requests to charge.

The following facts appear. The automobile truck of the plaintiff, which is the subject of the suit, was operated for trucking for hire by the plaintiff's brother as her agent. The truck was injured in a collision and taken by the brother to the shop of the defendant for repairs. The arrangement in accordance with which the repairs were made was the vital issue raised by the conflicting evidence at the trial. The claim of the plaintiff and her brother was that the defendant undertook to make the repairs solely upon the credit of the plaintiff without claiming a lien on the machine or requiring security for the payment of his claim, relying upon the plaintiff's promise to pay the charges from the income derived from operating the repaired truck. The claim of the defendant was that he made the repairs on the strength of the transfer to him of title to the truck, accompanied by a written lease or conditional sale contract with the plaintiff's brother acting for and under the authority and direction of the plaintiff. Such a lease signed by the plaintiff's brother was in evidence but the plaintiff testified that she gave no authority to the brother to execute such lease or contract and the brother testified that when he signed the lease or contract he was unable through illiteracy to read the paper and was deceived by the defendant as to its nature and contents. The condition in the so-called lease in substance is that, upon the payment in full of the defendant's charges for repairs, the defendant would transfer

to the plaintiff absolute title to the truck.   On the defend-
ant's claim of a breach of the condition of the contract he
took possession of the truck which taking constitutes the
conversion for which the plaintiff complains.

The defendant takes nothing by his exception to the
refusal of the justice to instruct the jury as requested.   The
second request was substantially included in the charge of
the justice.

The third request in substance was that if the defendant
had rightfully taken possession of the truck under the lease
signed by the plaintiff's brother the plaintiff can not main-
tain this action without first making demand for the truck.
This request was not pertinent to the issues which had been
tried before the jury.   If the defendant rightfully took.
(1) possession of the machine under the terms of a lease signed
by the plaintiff's brother with the plaintiff's authority, then,
under the law as charged by the court, the plaintiff could
not recover and the question of whether the plaintiff had
made a demand in those circumstances was without perti-
nency.   If the evidence of the plaintiff was believed then
the taking of the truck by the defendant was entirely wrong-
ful and no demand was necessary before commencing this
suit.

. The fifth request in substance was that if the verdict be
for the plaintiff damages should be mitigated by deducting
from the value of the truck at the time of conversion the
amount of the repair bills on the truck.   This request was
not sufficiently inclusive in its terms to warrant the in-
(2) struction.   The question of whether the defendant's repairs
to the plaintiff's automobile were made by the defendant
purely upon credit without security or whether there was a
valid arrangement between the parties giving the defendant
security for his charges by means of the so-called lease,
either in substitution for a lien or in recognition of and in
addition to a lien, was the main issue raised by the evidence.
Unless the jury should find that the defendant had a lien
or some other interest in the truck his charges for repairs

could not be considered and made a basis for the mitigation of damages by the jury. Such condition was not included in the terms of the request.

Upon the exception to the decision denying the motion for new trial we think that the defendant's argument has much force, that in the circumstances it is extremely unlikely that the defendant would have made the repairs without security in accordance with the arrangement testified to by the plaintiff and her brother. It is with considerable hesitation that we approve the decision of the justice so far as it relates to liability. In passing upon the disputed evidence the question presented was largely as to the credibility of the witnesses. The justice saw the witnesses and heard their testimony. After a thorough consideration of the evidence in the transcript we do not feel that we should be justified in disturbing the conclusion of the justice on the question of liability.

Upon the question of damages we are strongly of the opinion that the amount of the verdict is excessive. It is difficult to reach an entirely satisfactory conclusion as to the value of the truck at the time it was taken by the defendant from the possession of the plaintiff but from a consideration of the evidence we are of the opinion that the sum of $1,200 would constitute a liberal finding in favor of the plaintiff.

The exceptions to the refusal of the justice to charge as requested are overruled. The exception to the decision denying the motion for new trial is granted unless the plaintiff files in the clerk's office of the Superior Court within fifteen days after the filing of this opinion her remittitur of all the verdict in excess of $1,200. If she files such remittitur the Superior Court is directed to enter judgment for the plaintiff in the sum of $1,200.

The case is remitted to the Superior Court for further proceedings in accordance with this opinion.

*Cooney & Cooney, Radovsky & Radovsky,* for plaintiff.
*Waterman & Greenlaw,* for defendant.